**THE LAW OFFICE OF JACK FITZGERALD, PC**
JACK FITZGERALD (SBN 257370)
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (SBN 253362)
*trevor@jackfitzgeraldlaw.com*
TRAN NGUYEN (SBN 301593)
*tran@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

*Counsel for Plaintiff Zenbu Magazines LLC,*
*and the Putative Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZENBU MAGAZINES LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | Case No.: 15-cv-307<br><br>CLASS ACTION<br><br>**COMPLAINT FOR:**<br><br>**VIOLATION OF CAL. CIV. CODE § 980(a)(2);**<br><br>**VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.;**<br><br>**MISAPPROPRIATION; and**<br><br>**CONVERSION**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Zenbu Magazines LLC ("Zenbu"), on behalf of itself, all others similarly situated, and the general public, by and through its undersigned counsel, hereby brings this action against defendant Google Inc. ("Google"), and alleges the following upon its own knowledge, or where it lacks personal knowledge, upon information and belief including the investigation of its counsel.

## INTRODUCTION

1. Google operates and offers to the general public a streaming music service called Google Play Music, which is available through an Internet browser, as well as through applications for Android, Apple (iOS), and Windows smartphones and tablets.

2. Included in the Google Play Music library are sound recordings of musical performances that initially were fixed (that is, in a tangible medium, *i.e.*, recorded) prior to February 15, 1972, for which Google has not obtained the recordings' owners' authorization to perform, and for which Google does not and has not paid the recordings' owners royalties or licensing fees when it performs the recordings.

3. Google has copied tens of thousands of pre-1972 sound recordings to its servers, transmitting and performing them via Google Play Music to its millions of users on a daily basis, without any authorization. Google profits from its unauthorized reproduction, distribution, and public performance of pre-1972 recordings by charging subscription fees to its users, without paying royalties or licensing fees for pre-1972 recordings.

4. Because Google operates Google Play Music without licenses for pre-1972 sound recordings, Google is liable under California law for violation of Cal. Civ. Code § 980(a)(2), violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, misappropriation, and conversion.

5. Zenbu owns all right, title and interest in and to a library of pre-1972 sound recordings, which includes at least one recording that Google has reproduced, distributed, and performed without paying Zenbu any royalties or licensing fees, specifically "Sin City," by The Flying Burrito Brothers, off the Album, "The Gilded Palace of Sin," which was fixed

in 1969. Zenbu brings this action on behalf of itself and similarly-situated owners of pre-1972 copyrights to sound recordings that have been reproduced, distributed, and performed by Google without paying royalties or licensing fees.

## THE PARTIES

6. Plaintiff Zenbu Magazines LLC is a New York limited liability company with its principal place of business in Brooklyn, New York.

7. Defendant Google Inc. is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act, because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs and at least one member of the class of plaintiffs is a citizen of a State different from defendant. In addition, more than two-thirds of the members of the class reside in states other than the state in which defendant is a citizen and in which this case is filed, and therefore any exceptions to jurisdiction under 28 U.S.C. § 1332(d) do not apply.

9. The Court has personal jurisdiction over defendant pursuant to Cal. Code Civ. P. § 410.10, as a result of defendant's substantial, continuous and systematic contacts with the State, and because defendant has purposely availed itself of the benefits and privileges of conducting business activities within the State.

10. Venue is proper in this Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c), because defendant resides (i.e., is subject to personal jurisdiction) in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## INTRADISTRICT ASSIGNMENT

11. Pursuant to N.D. Cal. Civ. L.R. 3-2(c), (d) & 3-5(b), this action is properly assigned to the San Jose Division because the action arises in Santa Clara County in that a

substantial part of the events or omissions which give rise to plaintiff's claims occurred in Mountain View, where Google resides.

## FACTS

12. Google Play Music is provided by Google to paying and non-paying members of the public throughout the United States. Google delivers and streams music through its website (www.play.google.com/music), or via downloadable applications for Android, Apple (iOS), and Windows smartphones and tablets. In marketing Google Play Music, Google represents that users "Enjoy more than 30 million songs . . . ."

13. Google provides Google Play Music on a 30-day free trial basis for new users, and on a subscription basis for $9.99 per month for "unlimited music, completely ad-free on any device, anywhere you go."

14. Among the sound recordings that Google publicly performs, reproduces, and distributes on an ongoing and regular basis are pre-1972 recordings, including at least one for which Zenbu owns the sound recording copyright, specifically "Sin City," by The Flying Burrito Brothers, from the Album, "The Gilded Palace of Sin," which was fixed in a tangible medium (i.e., recorded) in 1969.

15. In order to stream music recordings to the public, Google has reproduced and copied, and continues to reproduce and copy, pre-1972 sound recordings, including to one or more servers and storage devices, and uses technology or systems that result in a copy of pre-1972 recordings being distributed to its subscribers' computers or storage devices.

16. Google is aware that it does not have any license, right, or authority to reproduce, perform, distribute, or otherwise exploit via Google Play Music any pre-1972 sound recordings, including the recordings owned by Zenbu.

17. Google is also aware which of the recordings it reproduces, performs, and distributes or otherwise exploits via Google Play Music are pre-1972 sound recordings.

## CLASS ACTION ALLEGATIONS

18. Zenbu seeks to represent a class comprised of all owners of sound recordings of musical performances that initially were "fixed" (*i.e.*, recorded) prior to February 15, 1972, which sound recordings were reproduced, performed, distributed, and/or otherwise exploited by Google via Google Play Music, and for which Google was not authorized or licensed to reproduce, perform, distribute, or otherwise exploit.

19. <u>Numerosity</u> – The members in the proposed class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all class members in a single action will provide substantial benefits to the parties and Court.

20. <u>Commonality</u> – Common questions of law and fact exist as to all members of the putative class and subclass, which do not vary from member to member, and which may be resolved without reference to individual facts and circumstances include, without limitation:

    a. Whether Google reproduced, performed, distributed or otherwise exploited via Google Play Music pre-1972 sound recordings;

    b. Whether Google was authorized by the owners of the sound recording copyrights to reproduce, perform, distribute, or otherwise exploit the sound recordings via Google Play Music of pre-1972 sound recordings;

    c. Whether Google paid royalties or licensing fees for pre-1972 sound recordings that it reproduced, performed, distributed, or otherwise exploited via Google Play Music;

    d. Whether Google's reproduction, performance, distribution, or other exploitation via Google Play Music of pre-1972 sound recordings constitutes a violation of Cal. Civ. Code § 980(a)(2);

    e. Whether Google's reproduction, performance, distribution or other exploitation via Google Play Music of pre-1972 sound recordings

constitutes an unfair business practice in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

  f. Whether Google's reproduction, performance, distribution or other exploitation via Google Play Music of pre-1972 sound recordings constitutes misappropriation;

  g. Whether Google's reproduction, performance, distribution or other exploitation via Google Play Music of pre-1972 sound recordings constitutes conversion;

  h. The proper equitable, injunctive, and prospective relief;

  i. The proper amount of actual or compensatory damages;

  j. The proper amount of restitution or disgorgement;

  k. The proper amount of punitive damages; and

  l. The proper amount of reasonable litigation expenses and attorneys' fees.

21. <u>Typicality</u> – Zenbu's claims are typical of the claims of members of the class in that they are based on the same underlying facts, events, and circumstances relating to Google's conduct. Zenbu's interests are consistent with, and not antagonistic to, those of the other class members it seeks to represent.

22. <u>Adequacy</u> – Zenbu will fairly and adequately represent and protect the interests of the class, has no interests incompatible with the interests of the class, and has retained counsel competent and experienced in class action and music copyright litigation.

23. <u>Predominance</u> – Questions of law and fact common to the class predominate over any questions affecting only individual class members.

24. <u>Superiority</u> – Class treatment is superior to other options for resolution of the controversy because individual litigation of the claims of all class members is impracticable. The claims of the individual members of the class may range from small sums to larger sums. For those class members with smaller claims, the expense and burden of individual litigation may not justify pursuing the claims individually. Moreover, even if every class member could

afford to pursue individual litigation, that would greatly tax the court system, as well as present potential for varying, inconsistent, or contradictory judgments, and magnify the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### VIOLATION OF CAL. CIV. CODE § 980(a)(2)

25. Zenbu realleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

26. Pursuant to Cal. Civ. Code § 980(a)(2), Zenbu and members of the putative class possess exclusive ownership interests in and to pre-1972 sound recordings, including the artistic performances embodied in those recordings.

27. Through its unauthorized reproduction, performance, distribution, or other exploitation via Google Play Music of pre-1972 sound recordings, including pre-1972 recordings owned by Zenbu, Google has infringed Zenbu's and the class members' exclusive ownership interests in and to the pre-1972 recordings, in violation of Cal. Civ. Code § 980(a)(2).

28. As a direct and proximate consequence of Google's violation of Cal. Civ. Code § 980(a)(2), Google has received and retained money and value that rightfully belong to Zenbu and members of the class.

29. As a direct and proximate consequence of Google's violation of Cal. Civ. Code § 980(a)(2), Zenbu and members of the class have been damaged in an amount that is not yet fully ascertained, but which likely is many millions of dollars.

### SECOND CAUSE OF ACTION

### VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.*

30. Zenbu realleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

31. The Unfair Competition Law prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

### Unfair

32. Google's conduct as alleged herein was unfair because its conduct was immoral, unethical, unscrupulous, or substantially injurious and the utility of its conduct, if any, did not outweigh the gravity of the harm to its victims.

33. Google's conduct as alleged herein was also unfair because it violates public policy as declared by specific constitutional, statutory, or regulatory provisions, including without limitation Cal. Civ. Code § 980(a)(2).

### Unlawful

34. Google's conduct as alleged herein was "unlawful" within the meaning of the UCL because it was in violation of Cal. Civ. Code § 980(a)(2).

### THIRD CAUSE OF ACTION
### MISAPPROPRIATION

35. Zenbu realleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

36. Pursuant to Cal. Civ. Code § 980(a)(2) and California common law, Zenbu and members of the class possess exclusive ownership interests in and to the pre-1972 sound recordings, including the artistic performances embodied in those recordings.

37. Zenbu and members of the class, and their predecessors-in-interest, invested substantial time and money developing the pre-1972 sound recordings reproduced, performed, distributed, and otherwise exploited by Google via Google Music Play.

38. Because Google does not obtain licenses to pre-1972 sound recordings, it does not incur any of the costs that a licensee is otherwise obligated to pay in order to reproduce, perform, distribute or otherwise exploit via Google Play Music pre-1972 recordings.

39. Google has misappropriated, and continues to misappropriate, for its own commercial benefit, the exclusive ownership interests in and to the pre-1972 sound

1  recordings, by reproducing, performing, distributing, or otherwise exploiting via Google Play
2  Music pre-1972 recordings.
3      40.    As a direct and proximate consequence of Google's misappropriation, Google
4  has received and retained money and value that rightfully belongs to Zenbu and members of
5  the class.
6      41.    As a direct and proximate consequence of Google's violation of Cal. Civ. Code
7  § 980(a)(2), Zenbu and members of the class have been damaged in an amount that is not yet
8  fully ascertained, but which likely is many millions of dollars.
9      42.    Google acted with oppression, fraud, or malice. Google's conduct was
10 undertaken in conscious disregard of the rights of Zenbu and each member of the class.
11 Accordingly, Zenbu and each member of the class is entitled to an award of punitive damages
12 against Google in an amount sufficient to punish and make an example of Google, so as to
13 discourage Google and others from engaging in the same behavior in the future.

## FOURTH CAUSE OF ACTION
## CONVERSION

16     43.    Zenbu realleges and incorporates the allegations elsewhere in the Complaint as
17 if fully set forth herein.
18     44.    Pursuant to Cal. Civ. Code § 980(a)(2) and California common law, Zenbu and
19 members of the class possess exclusive ownership interests in and to the pre-1972 sound
20 recordings, including the artistic performances embodied in those recordings.
21     45.    By reproducing, performing, distributing or otherwise exploiting via Google
22 Play Music pre-1972 sound recordings, Google has converted for its own use the property
23 rights of Zenbu and each member of the class, in the pre-1972 recordings, and has
24 dispossessed Zenbu and each member of the class of their property rights.
25     46.    As a direct and proximate result of its conversion, Google has received and
26 retained money and value that rightfully belongs to Zenbu and members of the class.

47. As a direct and proximate consequence of Google's violation of Cal. Civ. Code § 980(a)(2), Zenbu and members of the class have been damaged in an amount that is not yet fully ascertained, but which likely is many millions of dollars.

48. Google acted with oppression, fraud, or malice. Google's conduct was undertaken in conscious disregard of the rights of Zenbu and each member of the class. Accordingly, Zenbu and each member of the class is entitled to an award of punitive damages against Google in an amount sufficient to punish and make an example of Google, so as to discourage Google and others from engaging in the same behavior in the future.

## **PRAYER FOR RELIEF**

49. Wherefore, Zenbu, on behalf of itself, all others similarly situated, and the general public, prays for judgment against Google as to each and every cause of action, including:

    a. An Order declaring this action to be a proper class action, appointing Zenbu and its counsel to represent the class, and requiring Google to bear the cost of class notice;

    b. An Order permanently enjoining Google from, without license, reproducing, performing, distributing, or otherwise exploiting via Google Play Music pre-1972 sound recordings;

    c. An Order permanently enjoining Google, and its agents, servants, directors, officers, principals, employees, representative, subsidiaries, parents, affiliates, successors, assigns, and those acting in concert with them or at their direction, from infringing, misappropriating, or converting, directly or indirectly, Zenbu's and the class members' exclusive ownership interests in and to the pre-1972 sound recordings, including the artistic performances embodied in those recordings, including without limitation by directly or indirectly reproducing,

|   |   |   |
|---|---|---|
| 1 |    | performing, distributing, or otherwise exploiting via Google Play Music |
| 2 |    | the pre-1972 recordings; |
| 3 | d. | An Order requiring Google to pay Zenbu and the class compensatory |
| 4 |    | damages on any cause of action where such damages are allowable; |
| 5 | e. | An Order requiring Google to pay Zenbu and the class restitution to |
| 6 |    | restore all funds acquired by means of any act or practice declared by the |
| 7 |    | Court to be unlawful or unfair; |
| 8 | f. | An Order requiring Google to disgorge or return all monies, revenues, and |
| 9 |    | profits obtained by means of any wrongful or unlawful act or practice; |
| 10 | g. | An Order requiring Google to pay punitive damages on any causes of |
| 11 |    | action so allowable if Zenbu proves Google's conduct was knowing, |
| 12 |    | willful, malicious, oppressive, or reckless; |
| 13 | h. | An Order requiring Google to pay pre- and post-judgment interest on any |
| 14 |    | monetary amounts awarded; |
| 15 | i. | An Order requiring Google to pay fees and costs, including reasonable |
| 16 |    | attorneys' fees, incurred in pursuing this action; and |
| 17 | j. | An Order providing for all other such equitable relief as may be just and |
| 18 |    | proper. |

Lines 19–27: ///

10

*Zenbu Magazines LLC v. Google Inc.*, No. 15-cv-307
CLASS ACTION COMPLAINT

## JURY DEMAND

50. Zenbu hereby demands a trial by jury on all issues so triable.

Dated: January 22, 2015            /s/ *Jack Fitzgerald*
                                   By: Jack Fitzgerald
                                   **THE LAW OFFICE OF JACK FITZGERALD, PC**
                                   JACK FITZGERALD (SBN 257370)
                                   *jack@jackfitzgeraldlaw.com*
                                   TREVOR M. FLYNN (SBN 253362)
                                   *trevor@jackfitzgeraldlaw.com*
                                   TRAN NGUYEN (SBN 301593)
                                   *tran@jackfitzgeraldlaw.com*
                                   Hillcrest Professional Building
                                   3636 Fourth Avenue, Suite 202
                                   San Diego, California 92103
                                   Phone: (619) 692-3840
                                   Fax: (619) 362-9555

                                   *Counsel for Plaintiff Zenbu Magazines LLC,
                                   and the Putative Class*